UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FATIMAZOHRA NOUINOU,<br><br>       Plaintiff,<br><br>   -against-<br><br>PETER DENNIS READE SMITH;<br>BENJAMIN GORDON ROBERT<br>SWANSON,<br><br>       Defendants. | 20-CV-8682 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

   Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint

alleging that Defendants violated her rights. The Court directed Plaintiff to amend her complaint

to address deficiencies in her original pleading. Plaintiff filed an 800-page amended complaint

on January 26, 2021, and the Court has reviewed it. Plaintiff alleges that Defendants

discriminated against her in employment, in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, and she brings state law

claims under the Court's diversity jurisdiction, 28 U.S.C. § 1332.

## STANDARD OF REVIEW

   The Court must dismiss *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

On October 16, 2020, Plaintiff Fatimazohra Nouinou filed her original complaint, asserting, among other things, claims arising from the non-renewal of her short-term employment contract with the United Nations (U.N.) in 2018. The Court issued an order holding that: (1) the U.N. Secretary General was absolutely immune from suit; (2) Plaintiff failed to state a claim under Title VII against U.N. employees Peter Smith and Ben Swanson, because Title VII

provides for liability against employers – not individuals; (3) Plaintiff's claims of national origin and sex discrimination, and retaliation for complaints about "U.N. corruption" do not arise under § 1981; and (5) Plaintiff's claims against Swanson under § 1981 arising in 2015 or 2016 appeared to be time-barred.

The Court granted Plaintiff leave to file an amended complaint to replead her claims against Defendants Smith and Swanson and directed her to plead facts in her amended complaint (1) stating a claim against Smith or Swanson (or both) under federal law; and (2) showing that the Court has diversity jurisdiction over this matter. The Court thereafter granted Plaintiff's request for an extension of time to amend her complaint.

On January 26, 2021, Plaintiff filed an amended complaint that exceeds 800 pages. Plaintiff's sprawling complaint does not provide a short and plain statement identifying her claims against Defendants Smith and Swanson. Plaintiff includes documentation about her family and childhood, personnel issues that she litigated before the U.N. Dispute Tribunal, documents regarding her efforts to renounce her Moroccan citizenship (ECF 8-6 at 54), and a notice stating that the U.N. would not recognize her as a stateless person or Turkish citizen because she had not provided documentation of her status as either of these. Plaintiff also raises concerns about a bulletin that the U.N.'s Department of Safety and Security issued stating that she was not allowed on U.N. premises, and she takes issue with the fact that the notice describes her citizenship as Moroccan. (ECF 8-2 at 72.) In February 2019, Plaintiff hired a body guard to go with her to the U.N. to review her personnel file but she was told that personal security officers were not allowed and that a plain clothes U.N. security officer would accompany her. (ECF 8-6 at 57-61.)  Plaintiff also includes documents about her husband's mental health issues and her own medical issues, dating back to 2011.

**DISCUSSION**

**A.     Federal Claims**

Plaintiff alleges that her claims arise under two federal statutes, 42 U.S.C. §§ 1981, and 2000e.  As set forth in the Court's prior order, under § 1981, all individuals "have the same right .   . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." § 1981(a). To state a claim under § 1981, a plaintiff must allege three elements: "(1) the plaintiff is a member of a racial minority; (2) defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). The statute extends to conduct by private parties. *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998). In order to make out a claim for individual liability under § 1981, "a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).

The prohibition against racial discrimination in § 1981 encompasses discrimination based on ancestry or ethnic characteristics, and alienage, *id.* at 180, n.5, but does not encompass discrimination on the basis of national origin, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613, 613 (1987) (holding that if plaintiff can show that he "was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981").

Plaintiff mentions in passing that her ethnic ancestry is "Andalusian Spaniard" (ECF 8 at 2), but she does not plead any facts that could plausibly allege that any defendant took any action against Plaintiff on this basis. Instead, at best, Plaintiff's complaint might be understood as

4

alleging that she was discriminated against because she was from the former "free zone of Tangier" (*id*. at 10), which is part of Morocco; that is, she asserts discrimination based on the place or nation of her origin. Because Plaintiff's amended complaint does not allege any facts suggesting that either Defendant discriminated against her based on her race, she fails to state a claim under § 1981 on which relief can be granted.[1]

Moreover, as the Court has previously held, no claim under Title VII will lie against individual defendants. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."). The Court therefore dismisses Plaintiff's federal claims under 42 U.S.C. §§ 1981 and 2000e, for failure to state a claim on which relief can be granted.

## B.    Diversity Jurisdiction

Plaintiff invokes 28 U.S.C. § 1332, and the Court therefore considers whether Plaintiff can proceed with her state law claims under the Court's diversity jurisdiction. To establish jurisdiction under § 1332, a plaintiff must first allege complete diversity of citizenship, that is, that the plaintiff and the defendant are citizens of different states, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998), or that the suit is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," 28 U.S.C. § 1332(a)(3).[2] In

---

[1] Plaintiff also alleges generally that she suffered discrimination based on gender but claims of gender discrimination do not arise under § 1981. *Anderson*, 156 F.3d at 170 (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976)).

[2] "The district courts shall have original jurisdiction of civil actions … between

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges that she is a lawful permanent resident of the United States domiciled in New York, that Defendant Smith is a citizen of Massachusetts, and that Defendant Swanson is a citizen of Great Britain, that is, an alien. (ECF 8 at 3-4.) "'[T]he presence of aliens on two sides of a case destroys diversity jurisdiction,' just like the presence of two citizens of the same state." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (quoting *Corporacion Venezolana de Formento v. Vintero Sales Corp.,* 629 F.2d 786, 790 (2d Cir. 1980)). A lawful permanent resident domiciled in a state remains an alien for purposes of diversity jurisdiction. *Baiqiao Tang v. Wengui Guo*, No. 17-CV-9031, 2019 WL 1207859, at *5 n.2 (S.D.N.Y. Mar. 13, 2019); *H.K. Huilin Int'l Trade Co., Ltd. v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284, 289 (E.D.N.Y. 2012). There is no diversity of citizenship when one party is a foreign citizen who is a lawful permanent resident and at least one of the opposing parties is also a foreign citizen. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) ("[S]ection 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien"). Because Plaintiff is a lawful permanent resident and Defendant Swanson is a citizen of Great Britain, complete diversity of citizenship is lacking.

---

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332 (a).

A district court should grant a plaintiff an opportunity to amend a complaint "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987); *Pearson v. Reid-Robinson*, 632 Fed. App'x 19 (2d Cir. 2016). The Court therefore grants Plaintiff an opportunity to amend her complaint to replead her claims under the Court's diversity jurisdiction against Defendant Smith only.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege facts sufficient to invoke the Court's diversity jurisdiction and to state a claim against Defendant Smith, the Court grants Plaintiff 30 days' leave to amend her complaint to drop her claims against Defendant Swanson, whose presence destroys diversity jurisdiction.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the remaining defendant. If Plaintiff has an address for defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint. The Court nevertheless advises Plaintiff that to comply with Rule 8, only a "short and plain" statement of her claims against Defendant Smith is required.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-8682 (LLS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the federal claims in amended complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

SO ORDERED.

Dated:   March 30, 2021
      New York, New York

                                         *Louis L. Stanton*
                                              Louis L. Stanton
                                                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**SECOND AMENDED
COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
         (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                      Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____        _____

Telephone Number                        Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

| Address | City | State | Zip Code |
| --- | --- | --- | --- |

Telephone Number                    E-mail Address

Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007