UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FATIMAZOHRA NOUINOU,

                Plaintiff,

-against-

PETER DENNIS READE SMITH, et al.,

                Defendants.

20-CV-8682 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      By order dated March 30, 2020, the Court held that Plaintiff failed to state a claim under any of the federal statutes that she invoked but granted her leave to replead her state law claims under the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff seeks to extend the time to file her second amended complaint to May 28, 2021. (ECF 10.) Plaintiff also asks that this matter be reassigned to another judge, on the ground that this action involves matters of national security. (ECF 11.)

      A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion that was based on judge's denial of plaintiff's motions and where plaintiff "speculated that the judge may have been acquainted with" the other party).

      Here, Plaintiff contends that this matter should be reassigned to another district judge because she "faced Espionage by a Disloyal American who Received Bribes from a Dictator Foreign Nation." (ECF 11 at 1.) Plaintiff fails to allege any facts that would cause a disinterested observer to doubt that "justice would be done" in this matter absent recusal of the undersigned. *Yousef*, 327 F.3d at 169.

Accordingly, the Court denies Plaintiff's motion for recusal and reassignment to a different district judge.

Plaintiff asks the Court to extend the time for her to file a second amended complaint to May 28, 2021, so that she can obtain funds to hire an attorney. The Court has previously notified Plaintiff that she may be able to obtain assistance without charge from the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants. A flyer with information about the NYLAG clinic is attached. The Court nevertheless grants Plaintiff's motion for an extension of time to amend her complaint.

## CONCLUSION

Plaintiff's motion for recusal (ECF 11) is denied and her request for an extension of time (ECF 10) is granted. The Court extends the time for Plaintiff to file a second amended complaint to May 28, 2021. A flyer with information about the NYLAG clinic is attached to this order.

**SO ORDERED.**

Dated: May 6, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

2

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

